UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JACOB AARON JANNER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:23-cv-00967-JPH-KMB ) |
| FIDEL MUHAMMED, | ) ) ) |
| Defendant. | ) |

**ORDER DENYING WITHOUT PREJUDICE MOTION
FOR ASSISTANCE WITH RECRUITING COUNSEL**

Plaintiff, Jacob Aaron Janner, has filed a motion for assistance recruiting counsel. Dkt. 35. Litigants in federal civil cases do not have a constitutional or statutory right to court-appointed counsel. *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018). Instead, 28 U.S.C. § 1915(e)(1) gives courts the authority to "request" counsel. *Mallard v. United States District Court*, 490 U.S. 296, 300 (1989). As a practical matter, there are not enough lawyers willing and qualified to accept a pro bono assignment in every pro se case. *See Watts v. Kidman*, 42 F.4th 755, 764 (7th Cir. 2022) (explaining that courts must be careful stewards of the limited resource of volunteer lawyers); *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) ("Whether to recruit an attorney is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.").

"'When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from

1

doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). These two questions "must guide" the Court's determination whether to attempt to recruit counsel. *Id.* These questions require an individualized assessment of the plaintiff, the claims, and the stage of litigation. *See Pruitt*, 503 F.3d at 655-56.

The first question, whether litigants have made a reasonable attempt to secure private counsel on their own, "is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan*, 987 F.3d at 682; *see also Thomas v. Anderson*, 912 F.3d 971, 978 (7th Cir. 2019) (because plaintiff did not show that he tried to obtain counsel on his own or that he was precluded from doing so, the judge's denial of these requests was not an abuse of discretion). Plaintiff has contacted one attorney, and states that his mother has contacted another attorney, without success. Generally, under *Eagan*, the Court requires at least three attempts to obtain counsel before it will try to recruit counsel for a pro se plaintiff. Plaintiff should continue his efforts to obtain counsel.

In any event, "[t]he second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims himself." *Eagan*, 987 F.3d at 682 (citing *Pruitt*, 503 F.3d at 655). "The court's competency evaluation should account for 'the plaintiff's literacy, communication skills, educational level, and litigation experience,' and, to the extent that such evidence is before the court, information

2

'bearing on the plaintiff's intellectual capacity and psychological history.'" *Watts*, 42 F.4th at 760 (quoting *Pruitt,* 503 F.3d at 655). "Specifically, courts should consider 'whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself.'" *Eagan*, 987 F.3d at 682 (quoting *Pruitt,* 503 F.3d at 655). "This assessment of the plaintiff's apparent competence extends beyond the trial stage of proceedings; it must include 'the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial.'" *Id.* (quoting *Pruitt,* 503 F.3d at 655).

Plaintiff states that he has a GED and does not have difficulty reading or writing, nor does he allege any mental or physical impairment that impedes his ability to litigate. Plaintiff's written and oral communications with the Court thus far have been entirely coherent and represent an ability to understand the litigation process. Although he may struggle with some legal concepts, that is a challenge that all pro se litigants face. The case also is still in the early stages, lessening the need for counsel at this time.

Plaintiff's motion for assistance recruiting counsel, dkt. [35], is **denied without prejudice**. The Court will remain alert to changes in circumstances that may warrant reconsideration of the motion, such as a settlement conference or trial.

**SO ORDERED.**

Date: 4/19/2024

James Patrick Hanlon
United States District Judge
Southern District of Indiana

3

Distribution:

All ECF-registered counsel of record via email

JACOB AARON JANNER
293076
WESTVILLE - CF
WESTVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
5501 South 1100 West
WESTVILLE, IN 46391