UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JACOB AARON JANNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:23-cv-00967-JPH-KMB |
| | ) |
| FIDEL MUHAMMED, | ) |
| | ) |
| Defendant. | ) |

**ORDER SCREENING THIRD AMENDED COMPLAINT
AND DIRECTING FURTHER PROCEEDINGS**

Plaintiff Jacob Aaron Janner is a prisoner currently incarcerated at Westville Correctional Facility. He filed this civil action alleging a deprivation of his civil rights while he was a pretrial detainee at Madison County Correctional Complex ("MCCC") and Madison County Jail ("MCJ"). The Court previously screened Plaintiff's first amended complaint and allowed Fourteenth Amendment and Indiana state law tort claims to proceed against Defendant Fidel Muhammed and dismissed several other claims against several other parties. Dkt. 19. Plaintiff then filed a second amended complaint, and now a third before the second was screened. Dkts. 33, 41, 44, 49. To the extent Plaintiff's latest filing constitutes a motion for leave to file an amended complaint, that motion is **granted**. The third amended complaint, dkt. [49], is now the operative complaint in this action. Because Plaintiff is a "prisoner," this Court has an obligation to screen the third amended complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

1

## I. Screening Standard

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

The complaint names as defendants: (1) Madison County Sheriff John Beeman; (2) MCJ Commander Michelle Sumpter; (3) MCCC Security Supervisor Nick Oldham; (4) Sheriff's Deputy Fidel Muhammed; (5) MCCC Officer Chase Courtney; (6) MCCC Officer Jason Jiminez; (7) MCCC Officer Craig Jackson; and (8) Sheriff's Deputy Jonathan Walters.

Plaintiff alleges that on January 19, 2023, while he was at MCCC, several officers burst into his dorm to conduct a search of the area. Defendant Walters

fired some kind of firearm towards inmates during this incident without provocation. Then, inmates were taken two at a time to be strip searched. Defendant Muhammed conducted the strip search of Plaintiff in a humiliating manner and made comments about Plaintiff's anus.

After the incident, Plaintiff filed a Prison Rape Elimination Act ("PREA") complaint against Defendant Muhammed. Sumpter and Oldham and two others interviewed Plaintiff about the incident. When Plaintiff asked for an attorney during the interview, it was terminated. After the interview, Plaintiff was placed in an isolation cell for an extended period of time before being taken back to his regular cell.

During the time frame of January 22 to February 1, 2023, while the PREA complaint investigation was ongoing, Plaintiff developed a severe ear infection. Plaintiff told Officer Jimenez that he needed to go to an emergency room, but Officer Jimenez responded that Plaintiff "had to be dying" before he could go to an ER. Dkt. 49, p. 3. At some point in time that is not specified in the complaint, a nurse treated Janner's ear infection, agreeing that it was severe.

On February 26, 2023, Plaintiff was written up for using Officer Courtney's first name and allegedly saying "fuck your rules." *Id.* at p. 4. Shortly thereafter Plaintiff was moved from MCCC to MCJ, and someone told him it was because of his allegations of "neglect of staff." *Id.* When Plaintiff arrived at MCJ, his property and legal papers were taken away per standard MCJ policy. After arriving at MCJ, Plaintiff filed a grievance alleging that Defendant Muhammed spent an extended amount of time in Plaintiff's cell, apparently, Plaintiff believed,

3

because Defendant Muhammed was trying to intimidate him in some way. Sumpter denied the grievance as unsubstantiated.

Plaintiff seeks compensatory and punitive damages.

### III. Discussion of Claims

Applying the screening standard to the factual allegations in the complaint certain claims are dismissed while other claims shall proceed as submitted.

#### A. Claims that Shall Proceed

As before, Plaintiff's claims that Defendant Muhammed subjected him to excessive force and a demeaning strip search **shall proceed** as claims under the Fourteenth Amendment and Indiana state tort law. Also, Plaintiff's new claim alleging that Defendant Walters used excessive force in unnecessarily shooting a firearm into a crowded jail cell block **shall proceed** as claims under the Fourteenth Amendment and Indiana state tort law.

#### B. Claims that Shall Not Proceed

Plaintiff's allegations about how officers at MCCC and/or MCJ handled his PREA complaint against Defendant Muhammed does not support a lawsuit under 42 U.S.C. § 1983 for a violation of Plaintiff's constitutional rights because there is insufficient indication of any tangible negative effects as a result of the PREA investigation. That is, there is no allegation of Defendant Muhammed actually harming Plaintiff in any way or engaging in inappropriate sexual behavior with Plaintiff after the initial incident, as might support an independent failure-to-protect claim. *See Thomas v. Dart*, 39 F.4th 835, 841 (7th Cir. 2022) (noting that a required element of a failure-to-protect claim is causation of injury

4

to the plaintiff). And "though PREA is a federal law, it does not create a private cause of action." *McRae v. Myers*, No. 22-1821, 2023 WL 2423590, at *3 (7th Cir. Mar. 9, 2023), *cert. denied*. There also is no "freestanding constitutional right to [a PREA] investigation under § 1983." *Bracy v. Tully*, No. 1:22-CV-827, 2022 WL 3229325, at *3–4 (E.D. Va. Aug. 10, 2022) (collecting cases). As for grievance procedures generally, they "are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause." *Owens v. Hinsley*, 635 F.3d 950, 953-54 (7th Cir. 2011) (citing *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Grieveson v. Anderson*, 538 F.3d 763, 772 & n. 3 (7th Cir. 2008); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996)). Any due process claims against any defendants based on the alleged inadequacy of or irregularities related to the PREA investigation **are dismissed**.

Next, Plaintiff has failed to state any First Amendment retaliation claim against any defendant. Such a claim requires allegations that (1) Plaintiff engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity; and (3) the protected activity he engaged in was at least a motivating factor for the retaliatory action. *Archer v. Chisholm*, 870 F.3d 603, 618 (7th Cir. 2017) (citing *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009); *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)). As noted in the first screening order, Plaintiff has failed to state sufficient facts to satisfy the second factor in the retaliation analysis because he does not explain why the transfer from MCCC to MCJ would have been a deprivation or explained the conditions in MCJ versus MCCC.

Without these facts, the Court cannot infer that Plaintiff experienced a deprivation that would likely deter First Amendment activity. *See Holleman v. Zatecky*, 951 F.3d 873, 881 (7th Cir. 2020) (transfer from general population of one maximum security facility to general population of another maximum-security facility not sufficiently adverse to support First Amendment claim). Any First Amendment retaliation claims against any defendants **are dismissed**.

Plaintiff has not stated any claims in relation to alleged deprivation of his property and legal papers when transferred to MCJ. This was done pursuant to standard MCJ policy for new inmates, according to Plaintiff, and is not itself an indication of retaliation. Indiana's Tort Claims Act (Ind. Code § 34-13-3-1 et seq.) provides for state judicial review of property losses caused by government employees and provides an adequate post-deprivation remedy to redress state officials' accidental or intentional deprivation of a person's property. *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post-deprivation remedy in the Indiana Tort Claims Act, and no more process was due."); *Zinerman v. Burch*, 110 S. Ct. 975, 983 (1990) ("Deprivation of a constitutionally protected interest in 'life, liberty, or property' is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest without due process of law . . . . The constitutional violation actionable under § 1983 is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process."). Because Plaintiff had an adequate state law remedy, the alleged deprivation of his property was not a constitutional

violation and any claims against any defendants related to this issue **are dismissed**.

As for Plaintiff's legal papers, to prevail on an access-to-courts claim, a prisoner must "submit evidence that he suffered actual injury—i.e., that prison officials interfered with his legal materials—and that the interference actually prejudiced him in his pending litigation." *Devbrow v. Gallegos*, 735 F.3d 584, 587 (7th Cir. 2013) (citations omitted). "[T]he very point of recognizing any access claim is to provide effective vindication for a separate and distinct right to seek judicial relief for some wrong. ... [T]he right is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." *Christopher v. Harbury*, 536 U.S. 403, 414–15 (2002). Plaintiff has not alleged how he was actually prejudiced by the confiscation of his legal papers when he was moved to MCJ, and any claims against any defendants related to this issue **are dismissed**.

Plaintiff also has failed to state a deliberate indifference to medical needs claim against Officer Jimenez. While Plaintiff alleges that Officer Jimenez denied him needed medical care, the allegations do not amount to a constitutional violation under the Fourteenth Amendment standard that applies to pretrial detainees. The core elements of a conditions-of-confinement claim are:

> (1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;
>
> (2) Those conditions put the plaintiff at substantial risk of suffering serious harm;

> (3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and
>
> (4) By not taking such measures, the defendant caused the plaintiff's injuries.

*Kemp v. Fulton Cnty.*, 27 F.4th 491, 496 (7th Cir. 2022) (quoting *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc)).

The only basis for Plaintiff's claim against Officer Jimenez is that he refused to arrange for him to be transported to an ER for treatment of his ear infection. Even assuming that the ear infection was severe, there is no indication that Plaintiff needed to be taken to an ER for it to be treated. Rather, Plaintiff admits that he saw a nurse who provided care and appears to have adequately treat him. Plaintiff alleges that Officer Jimenez's conduct "*could have had* an extreme impact on the rest of his life." Dkt. 49, p. 5 (emphasis added). That allegation is insufficient to show that Plaintiff sustained a recognizable injury for purposes of § 1983 liability. "[N]ot everything that is undesirable, annoying, or even harmful amounts to a violation of the law, much less a constitutional problem." *Brown v. Chicago Board of Education*, 824 F.3d 713, 714 (7th Cir. 2016). Plaintiff's claim against Officer Jimenez **is dismissed**.

Also, it appears that Plaintiff has named Sheriff Beeman, MCJ Commander Sumpter, and MCCC Security Supervisor Oldham as defendants based at least in part on their supervisory positions. "[I]ndividual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation." *Colbert*

8

*v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted) (citing *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault. An individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation.... A causal connection, or an affirmative link, between the misconduct complained of and the official sued is necessary.")). Plaintiff has failed to allege that Beeman, Sumpter, or Oldham were in any way personally involved in the cell-block raid and subsequent strip search of Plaintiff that are the basis of Plaintiff's claims against Defendants Muhammed and Walters, which are the only viable claims in this case. Any individual liability claims against Beeman, Sumpter, and Oldham **are dismissed**.

 Finally, to the extent Plaintiff intended to sue Sheriff Beeman in his official capacity as a representative of the Sheriff's Department itself, the Sheriff's Department may only be sued when its actions violate the Constitution. *See Levy v. Marion Cty. Sheriff*, 940 F.3d 1002, 1010 (7th Cir. 2019) (applying *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), to claim against Sheriff Department). To state a *Monell* claim, the plaintiff must allege that an action taken by the Sheriff's Department caused the deprivation of his federally secured rights. The Sheriff's Department "'acts' through its written policies, widespread practices or customs, and the acts of a final decisionmaker." *Id.* (citing *Bd. of the Cty. Commissioners v. Brown*, 520 U.S. 397, 403–04 (1997)). The complaint fails to provide any factual basis upon which to conclude that the

9

actions of Defendants Muhammed and Walters were pursuant to a policy, practice, or custom of the Sheriff's Department. All claims against Sheriff Beeman also **are dismissed** on this basis.

### C. Summary of Claims

The only claims that will proceed in this action are Fourteenth Amendment and Indiana state tort law claims against Defendants Muhammed and Walters. All other claims against all other defendants are dismissed.

### IV. Conclusion and Service of Process

The **clerk is directed** to retitle Plaintiff's filing at dkt. [49] as "Second Amended Complaint" and to terminate the motion at dkt. [49]. The **clerk is directed** to add Jonathan Walters as a defendant on the docket.

The **clerk is directed** to add and then terminate Chase Courtney, Jason Jimenez, and Craig Jackson as defendants on the docket. Doing so will aid clarity in final judgment. (Defendants Beeman, Sumpter, and Oldham have already been added and terminated as defendants on the docket.)

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendant Jonathan Walters in the manner specified by Rule 4(d). Process shall consist of the third amended complaint filed on April 25, 2024, dkt. [49], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

Defendant Muhammed has already appeared and answered Plaintiff's first amended complaint, following the Court's original screening order, and also filed an answer to Plaintiff's second unscreened amended complaint. Defendant

10

Muhammed has also filed a motion for leave to file an amended responsive pleading. That motion, dkt. [46], is **granted** to the extent that Defendant Muhammed may file an amended answer to Plaintiff's third amended complaint, as screened by the Court, within **twenty-one days** of service of this Order.

The Court further advises Plaintiff that no more amended complaints will be considered by the Court unless he files a motion showing good cause for the amendment under Federal Rule of Civil Procedure 16(b)(4). The Court's deadline for allowing amended pleadings under the "freely given" standard of Federal Rule of Civil Procedure 15(a)(2) has now passed.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Date: 5/15/2024

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

JONATHAN WALTERS
Madison County Sheriff's Department
720 Central Ave.
Anderson, IN 46016

JACOB AARON JANNER
293076
WESTVILLE - CF
WESTVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
5501 South 1100 West
WESTVILLE, IN 46391